Birchard, C. J.
Several very important questions have been *156 presented in this case, and very fully argued; but, in our opinion, ono or two material questions are decisive of the controversy, and we shall notice these only.
The first in importance regards the construction placed by the city council upon section 2 of the act to amend the city charter, passed March 16, 1839. By this section, the city council have power to open, by ordinance, any street, and to condemn any real estate necessary for that purpose, by making the owners compensation for the value thereof, or for the damages they may sustain thereby; and to make any ordinance not inconsistent with the act, to ascertain all damages and benefits that may accrue to the real estate in the section, etc., and to provide for a final adjustment by the assessment and collection of a special tax. “ Provided, that the city council shall provide by ordinance for the review of any assessment or valuation, or any part *thereof, which may be made under the provisions of this section by the appointment of two freeholders on the part of the city, two by the parties aggrieved, and the fifth by the four thus appointed.” In the action of the city council, this proviso has been so construed as to deny to the defendants in error their right of selecting two of the freeholders to act as a part of the board of review. The property of several persons was affected by the improvement in question. Some sustained heavy damages; others were taxed to pay the damages. The ordinance, as construed by the city council, requires all those interested to unite in selecting two freeholders; and therefore they refused and omitted to place before the board the two persons selected by defendants to act in their behalf in reviewing the assessment of damages returned by the board of assessors. Wo do not think this was in accordance with the spirit of the charter. It was never the intention of the legislature to authorize a condemnation of their property, and to deny them the right to be heard before a jury of their coun try on a claim for damages, without providing the means of a full and fair investigation before a fair and impartial tribunal. In the first instance, the charter is so drawn as to permit the city authorities to name the person to assess damages; and by that assessment, when returned, the city may well be bound. It should be final upon the city, for it is the assessment of its own tribunal; but the aggrieved property holder should by no moans bo compelled to abide the determination of the board of assessors so chosen. He ought to have his day be *157 fore a court of Ms choice, in a matter like this, where the proceeding is designed to supersede the necessity of a resort to the courts of justice.
In the proceedings offered in evidence below, as a defense to this suit, it appears that the only committee of review allowed to the defendants, was a committee chosen—two on tho.part of the city, two selected by the majority vote, not only of all the owners of condemned property who had sustained damages in consequence of the improvement, but of *all those whose property was assessed for the payment of those damages, united together; and these four were to select the fifth. This process, instead of giving each of the owners of condemned property privilege of selecting two disinterested freeholders, and placing them upon the board, gave to those equally interested—those who eventually would be required to pay all damages, the power of defeating their choice, and of having placed, upon the board of reviewers, men more directly opposed to their interests; and less likely to be acceptable, than any that the city council would have selected. If the object was to give an equal chance and a summary remedy, a more absurd mode of accomplishing it, or a surer method of defeating it, could not well be imagined. The act of incorporation will not bear a construction that will sustain the practice of the city council under it, and can not receive it without a departure from the spirit of the act itself.
Two things are provided for: 1. The assessment of damages for property appropriated. 2. Assessment of a special tax, to create a fund adequate to discharge these damages. These are distinct things, necessarily antagonistical. The first must be ascertained as a basis upon which to act in ascertaining the second. In the first, the party claiming is represented; in the second, the parties paying. From the very nature of the respective duties, they should not be blended and imposed upon the same board. Again, each individual suffering a destruction of his property is entitled to prompt payment. This the charter was intended to provide for. Hence, the necessity of a tribunal that could promptly adjust the sum to be paid. Nothing can be more cumbersome or annoying than to be subjected to the delays attendant upon the adjustment of numerous distinct claims, which may require an investigation of weeks or months, whereas the review contemplated by the charter, is a speedy mode of settle- *158 merit, a board for oach claimant that asks a review, and whoso powers and duties are to be limited to an investigation of the merits of his individual claim, ^leaving all of the damages assessed to non-complaining property holders as originally assessed; and all the special taxes required for the payment of the aggregate damages, to be assessed by a proceeding necessarily distinct.
The only other question which we have considered is, whether this action can bo maintained, inasmuch as the defendant elected to seek the redress intended to be secured by statute in the first instance. Had the statutory provision been made effectual by proper action on the part of the city council, we should, in accordance with prior adjudication, have held that the common-law remedy was superseded. But even if the ordinance would bear a construction consistent with our views of the statute, which is doubtful, it received from its framers a different interpretation and the statutory remedy was denied. The city, then, has violated the authority under which it assumed to act, has disregarded the terms upon which this special power was granted, and is a wrong-doer from the beginning. Having disregarded the authority of the statute, it can not claim the protection that might otherwise have been made effectual.
Judgment affirmed.